

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 14, 1957.

Honorable Louis Dugas, Jr.
Chairman, Contingent Expense Committee,
House of Representatives,
Austin, Texas.                    Opinion No. WW-131

Re: Constitutionality of
    H.S.R. 284, pertaining
    to the payment of offi-
    cial telephone calls by
    Members of the House,
    during the Interim, be-
    ginning immediately
    following sine die ad-
    journment of the 55th
    Legislature and ending
    at the convening of the
Dear Mr. Dugas:               56th Legislature.

     In your letter of May 6, 1957, you have requested
an official opinion of this Department, concerning the con-
stitutionality of House Simple Resolution No. 284.   You
further state in your letter that:

     "Inasmuch as the wording and provisions
of this resolution differ somewhat from
similar resolutions submitted for opinions in
the past, a new opinion is desired relative to
the provisions of House Simple Resolution No.
284 of the 55th Legislature."

House Simple Resolution No. 284 reads as follows:

     "BE IT RESOLVED by the Texas House of
Representatives, That the Committee on
Contingent Expense be directed to appropriate
from the Contingent Expense Fund whatever sums
shall be necessary to pay for official tele-
phone calls by Members of the House of Repre-
sentatives during the Interim, beginning im-
mediately following sine die adjournment of
the Fifty-fifth Legislature and ending at the
convening of the Fifty-sixth Legislature.  It
is provided, however, that no Member shall be

allowed more than Twelve Dollars ($12)
monthly for telephone calls, and it is
further provided that no telephone expense
other than official calls which are properly
charged to the Member's official toll credit
cards shall be paid by the Committee.   The
Contingent Expense Committee shall make any
necessary rules or regulations concerning
interim telephone calls of Members and shall
have full authority to enforce such rules in
whatever manner they deem necessary or
advisable."

You are no doubt familiar with the previous opin-
ions delivered by this Department relating to the consti-
tutionality of similar resolutions.   We shall include in
this opinion a comprehensive survey of the rationale con-
tained in several of these prior opinions.

We are unable to find any distinction between the
resolution here being considered and that discussed in
Attorney General's Opinion No. MS-43.   Both contain a pro-
vision relating to payment by a toll credit card method.
Attorney General's Opinion MS-43 holds that expenditures
of this nature would not be a lawful and proper use of
State funds.   It was therein stated:

"The ultimate issue posed is whether the
expenses here authorized to be paid are 'legis-
lative' expenses or 'personal' expenses of
the members.   This office has, on numerous
occasions, expressed itself on analogous ques-
tions.   In every instance we have adhered to
the rule that compensation of Legislators is
specified and limited by Section 24 of Article
III of the Texas Constitution; and further,
that reimbursement for 'personal' as opposed
to 'legislative' expenses is in the nature of
excessive and unauthorized compensation; and
that the only expenses that are legislative
are those that relate to public purposes con-
cerned with duties imposed by law on members
of the Legislature.   Attorney General's
Opinions Nos. MS-40 (1953), V-772 (1949),
V-211 (1947), V-84 (1947)."

In answering your question we are guided not only
by the principles set forth in the cited Opinions, but we are

also controlled by Attorney General's Opinion No. 0-3778 (1941), wherein a similar resolution of the 47th Legislature was held invalid.  In that instance the resolution purported to authorize a stipulated, monthly sum to each Senator during the period between sessions.

> ". . .for the purpose of defraying the expense of hiring a part-time stenographer to be used only for the purpose of transacting business incident to his office at State Senator, and only for State business; and further for the purpose of defraying the expense of telephone, telegraph and postage used only in State business and incident to his office as State Senator."(Emphasis added)

Opinion No. 0-3778 contains a thorough and exhaustive review of the existing authorities, as well as a complete and accurate analysis of the nature of "legislative" and "personal" expenses of Legislators.  This Opinion reads in part as follows:

> "It is believed that the matter of legislative and personal expense may be rationalized as follows.  Legislative expense is that incident to the workings of the Legislature as an actual law-making body, as a whole, as the Legislature itself, when in session;  through a special committee delegated by the Legislature while in session to work on a legislative matter between sessions; through personnel employed to close matters after adjournment; or through employees maintained between sessions for the care of the legislative halls or for maintenance of a central office or clearing house for legislative matters between sessions.  These expenses are for the mutual benefit of all members -- for the Legislature itself.

> "Personal expense, on the other hand, is that incurred, or which may be incurred, by a Member between sessions working under his own will, in his own discretion and as a matter of

"If, therefore, an allowance of expenses to individual members of the Legislature during a session, or while on a committee assignment between sessions, is presumtively legislative expense, it does not follow that an expense allowance to each member indiscriminately between sessions is likewise so. To the contrary, in our opinion the latter is presumptively personal expense.

"Essentially this view is grounded upon the historical and constitutional concept of a State legislative office, together with the practical workings of the constitutional methods with reference thereto, and the discernible weight of the cases in support of such conclusion."

The effect of these previous opinions is that such expense cannot be paid out of public funds, and this prohibition applies whether the funds are paid directly to the Legislator, as in Opinion O-3778, or to a company with whom he incurs the debt through a credit card device, as was the case in Opinion No. MS-43.

It is, therefore, our opinion that the allowance by House Simple Resolution No. 284 of the 55th Legislature, of not to exceed Twelve Dollars ($12.00) monthly, for official telephone calls by Members of the House of Representatives, during the Interim, beginning immediately following sine die adjournment of the 55th Legislature, and ending at the convening of the 56th Legislature, whether such funds are paid directly to a Legislator or to a company with whom he incurs the debt through a credit card device, is invalid and would not constitute a lawful use of State funds.

## SUMMARY

House Simple Resolution No. 284, authorizing an expenditure of not to exceed Twelve Dollars ($12.00) monthly, for payment from the Contingent Expense Fund for official telephone calls by the Members of the House of Representatives, during the Interim, beginning immediately following sine die adjournment of the 55th Legislature and ending at the convening of the 56th Legislature, whether such funds are paid directly to the Legislator, or to a company with whom he incurs a debt through a

credit card device, is unconstitutional
as an unlawful use of State Funds.

Yours very truly,

WILL WILSON
Attorney General

By  *B. H. Timmins, Jr.*
B. H. Timmins, Jr.
Assistant

BHT:pf:rh

APPROVED:

OPINION COMMITTEE

H. Grady Chandler,
          Chairman
James W. Wilson
Fred Werkenthin
Ralph R. Rash

REVIEWED FOR THE ATTORNEY GENERAL

By: Geo. P. Blackburn